UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:

EDWARD R. LONG and
BRENDA L. LONG.
          Debtors.

Case No. 08-37548 (CGM)
Chapter 7

---

## MOTION BY TRUSTEE TO TURN OVER
## PROPERTY PURSUANT TO 11 U.S.C. §542

Paul L. Banner, Chapter 7 Trustee (herein, "Trustee"), by and through its attorneys, Deily, Mooney & Glastetter, LLP, as special counsel on behalf of the Trustee (herein, "Counsel"), hereby moves this Court, pursuant to 11 U.S.C. §542 and Federal Rule of Bankruptcy Procedure 9014, for an order directing debtor, Edward R. Long (herein, "Debtor" or "Mr. Long") to turn over funds received by Debtor relating to former marital property from ex-spouse, Chris A. Long, and in furtherance of the Motion respectfully submits the following in support:

1. On November 13, 2008, debtors, Edward R. Long and Brenda L. Long, (collectively herein, "Debtors") filed a joint voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code (herein, "Petition").

2. On that same day the Court appointed Paul L. Banner as Chapter 7 Trustee of the bankruptcy estate.

3. Prior to the filing of this Petition, Mr. Long had been married to and divorced from Chris A. Long.

4. On February 19, 2008, the New Jersey State Superior Court (herein, "Superior Court"), in the matter entitled *Long v. Long*, Docket No. FM-19-36-07, approved the divorce and Final Judgment of Separation and Settlement Agreement of Debtor, Edward Long, and his ex-

spouse, Chris A. Long.

5. In the Superior Court's Consent Order, it was stipulated that "the parties shall continue to keep the marital home listed at the sale price of $274,200.00 or less, or any price recommended by the broker. When the house is sold, defendant [Edward Long] shall receive $15,000.00 from the proceeds of the closing." A copy of the Superior Court's Consent Order is attached hereto as **Exhibit "A"**.

6. In December of 2008, in letters with the Debtors' attorney, Gene L. Grobstein, Esq., the Trustee, and Mr. Grobstein discussed, among other things, the bankruptcy estate's interest in proceeds from the Debtors' divorce settlements, including proceeds from the sale of the New Jersey marital property jointly held by Debtor Edward Long and ex-spouse Chris A. Long. Copies of the letters are attached hereto as **Exhibit "B"**.

7. In November of 2008 and continuing through April 2009, Counsel engaged in negotiations with Chris A. Long in an attempt to sell the bankruptcy estate's interest in the New Jersey marital property to Chris A. Long, prior to it being sold. Ultimately, Chris A. Long's offer to purchase the bankruptcy estate's interest, pre-sale, was insufficient and not in the best interest of the bankruptcy estate.

8. Counsel continued to monitor the sale of the marital property. In September 2011 Trustee learned from Chris A. Long that the New Jersey marital property had been sold in November 2010 and a check in the amount of $14,700.00 (herein, "Sale Proceeds") had been paid to Mr. Long, pursuant to the Superior Court Consent Order. A copy of the October 8, 2010 letter from Chris A. Long's attorney, Jane L. Caiazzo, to Debtor forwarding a check for $14,700.00 is attached hereto as **Exhibit "C"**.

9. On September 8, 2011, Counsel sent a letter to Mr. Long demanding that the Sale Proceeds be turned over to the Trustee and requesting that Mr. Long contact Counsel by September 19, 2011. A copy of the letter is attached hereto as **Exhibit "D"**.[1]

10. Pursuant to 11 U.S.C. §541(a)(1) "all legal or equitable interests of the debtor in property as of the commencement of the case" becomes property of the bankruptcy estate.

11. In accordance with the Superior Court's pre-petition Consent Order, Mr. Long was entitled to receive the Sale Proceeds when the New Jersey martial property was sold, and in fact, Mr. Long listed the Sale Proceeds on his schedules as an asset. Therefore, the Sale Proceeds are property of the bankruptcy estate pursuant to § 541(a)(1).

12. Pursuant to 11 U.S.C. §542, Debtor has failed to turn over to the Trustee all of the foregoing property and has failed to do so or otherwise contact the Trustee or Counsel.

13. Pursuant to Fed. R. Bankr. P. 7001, this turnover proceeding is brought by motion rather than an adversary proceeding because the party from whom the Trustee seeks turnover is the Debtor.

**WHEREFORE**, it is respectfully requested that the court enter an Order directing the Debtor Edward R. Long to turn over to the Trustee marital settlement funds received by the Debtor, pursuant to 11 U.S.C. §542 and all other further relief that the Court deems just and proper.

Dated: October 11, 2011
Albany, New York

*/s/ Joann Sternheimer*
Joann Sternheimer, Esq.
Deily, Mooney & Glastetter, LLP
Counsel for Chapter 7 Trustee
8 Thurlow Terrace
Albany, New York 12203-1006
Tel. (518) 436-0344
Email: jsternheimer@deilylawfirm.com

---

[1] Counsel for Debtors, Gene L. Grobstein, was copied on the letter, however we have been advised that Mr. Grobstein is gravely ill and may not have read same.